**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3296-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KENNETH K. COOK, a/k/a
KEITH COOK, JACQUE BOOKER,
JACQUES J. BOOKER, and KEITH
ROBERSON,

     Defendant-Appellant.

_____

Submitted September, 11, 2019 – Decided September 27, 2019

Before Judges Koblitz and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-06-1457.

Joseph E. Krakora, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Emily M. M. Pirro, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following the denial of his motion to suppress evidence seized without a warrant, defendant Kenneth Cook entered a negotiated guilty plea to second-degree eluding, N.J.S.A. 2C:29-2(b), and two counts of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5)(a). The charges stemmed from a multi-car police pursuit of a vehicle driven by defendant with one other occupant. The chase ended when defendant's car struck a police vehicle, injuring the two officers inside, and both defendant and the passenger were apprehended when they allegedly attempted to flee the scene. The pursuit began when police attempted to conduct a motor vehicle stop of defendant's vehicle based on erratic driving, and because the car allegedly matched the description of a vehicle involved in a nearby armed robbery. After the collision, inside the car, officers allegedly observed two black masks, three black surgical gloves, and a plastic bag containing $319 in currency on the rear seat. Officers also allegedly found ten envelopes containing suspected heroin in the center console.

Defendant was sentenced in accordance with the plea agreement to an aggregate term of six years' imprisonment, and the remaining drug and weapons related charges contained in the nine-count indictment returned against him were

A-3296-17T3

dismissed.[1]    On appeal, defendant raises the following points for our consideration:

POINT I

THE TRIAL JUDGE ERRED IN FINDING NO FACTUAL DISPUTE AT THE MOTION TO SUPPRESS.

POINT II

THE SEARCH AND SEIZURE IN THIS CASE DID NOT FALL WITHIN THE PLAIN-VIEW EXCEPTION TO THE WARRANT REQUIREMENT AND THEREFORE THE POLICE SEIZURE OF THE EVIDENCE WITHOUT FIRST OBTAINING A WARRANT WAS UNCONSTITUTIONAL.

POINT III

THE TRIAL JUDGE ERRED IN FAILING TO FIND MITIGATING FACTORS.

The State concedes that because defendant "raise[d] a dispute of material fact regarding the search and seizure of the car . . . at the motion hearing[,]" the

---

[1] The remaining six counts consisted of third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and -5(b)(3); third-degree possession of CDS with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7(a); second-degree possession of CDS with intent to distribute within 500 feet of certain public property, N.J.S.A. 2C:35-7.1(a); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d).  The passenger was also charged in the drug related counts of the indictment.

3                                                              A-3296-17T3

motion judge erred when he failed to conduct an evidentiary hearing. See R. 3:5-7 (providing that when a defendant files a motion "claiming to be aggrieved by an unlawful search and seizure[,]" R. 3:5-7(a), if "material facts are disputed, testimony thereon shall be taken in open court[,]" R. 3:5-7(c)). The State acknowledged defendant disputed fleeing the vehicle "after the collision," to "rebut the State's contention that he abandoned the evidence seized[,]" and "cited to the absence of any mention of CDS on the dispatch recording" to dispute "that the heroin was . . . in plain view in the center console." Thus, we remand for an evidentiary hearing in accordance with Rule 3:5-7(c).

With regard to defendant's claim that the sentencing judge did not consider appropriate mitigating factors, we point out that "[a]ppellate review of the length of a sentence is limited[,]" State v. Miller, 205 N.J. 109, 127 (2011), and "[a] sentence imposed pursuant to a plea agreement is presumed to be reasonable." State v. Fuentes, 217 N.J. 57, 70 (2014). Thus, we review a sentence for abuse of discretion, State v. Pierce, 188 N.J. 155, 166 (2006), and we will affirm a sentence so long as the sentencing judge "properly identifies and balances aggravating and mitigating factors that are supported by competent credible evidence in the record." State v. Natale, 184 N.J. 458, 489 (2005) (quoting State v. O'Donnell, 117 N.J. 210, 215 (1989)).

Here, the judge noted defendant's extensive juvenile and adult criminal history, consisting of "ten juvenile delinquency adjudications[,]" and "[eleven] prior indictable convictions," many of them for "drug related offenses" dating "all the way back to 1993[.]" The judge also pointed out that defendant had served "several probation terms and four prison terms[,]" and admitted that he abused CDS. As a result, the judge found aggravating factors three, six, and nine. N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense"); N.J.S.A. 2C:44-1(a)(6) ("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted"); N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law").

The judge found no mitigating factors, rejecting defendant's claims that his apology and remorse as well as the birth of his child supported finding the applicable mitigating factors. As to the latter, the judge pointed out that defendant's claim that he now had a three-year-old child conflicted with his statement during the "[p]re-[s]entence investigation" interview that he had no children. The judge concluded the aggravating factors outweighed the non-existent mitigating factors, and sentenced defendant accordingly.

Because there is substantial credible evidence in the record supporting the judge's specific findings and balancing of the aggravating and mitigating factors, we reject defendant's argument on appeal that the judge failed to "adequately consider[] and weigh[]" mitigating factors 2, 8, 9, and 11. N.J.S.A. 2C:44-1(b)(2) ("defendant did not contemplate that his conduct would cause or threaten serious harm"); N.J.S.A. 2C:44-1(b)(8) ("[t]he defendant's conduct was the result of circumstances unlikely to recur"); N.J.S.A. 2C:44-1(b)(9) ("[t]he character and attitude of the defendant indicate that he is unlikely to commit another offense"); and N.J.S.A. 2C:44-1(b)(11) ("[t]he imprisonment of the defendant would entail excessive hardship to himself or his dependents").

Thus, in the event defendant does not prevail on his suppression motion, we affirm the sentence. We are satisfied the sentence imposed is neither inconsistent with sentencing provisions of the Code of Criminal Justice, unsupported by the record, nor so "'unreasonable . . . as to shock the judicial conscience.'" Fuentes, 217 N.J. at 70 (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3296-17T3